## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 97-CA-01430-SCT

*MICHAEL KING a/k/a MICHAEL DEMBY KING*

*v.*

*STATE OF MISSISSIPPI*

## ON MOTION FOR REHEARING

| | |
|---|---|
| DATE OF JUDGMENT: | 11/04/97 |
| TRIAL JUDGE: | HON. LILLIE BLACKMON SANDERS |
| COURT FROM WHICH APPEALED: | ADAMS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: W. GLENN WATTS |
| DISTRICT ATTORNEY: | RONNIE L. HARPER |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | MOTION FOR REHEARING DENIED - 6/10/1999 |
| MOTION FOR REHEARING FILED: | 01/25/1999 |
| MANDATE ISSUED: | 6/17/99 |

**EN BANC.**

**WALLER, JUSTICE, FOR THE COURT:**

¶1. On December 31, 1998, we issued our per curiam affirmance of the circuit judge's decision in this case. Michael D. King filed a petition in the form of a request for rehearing asking the Court to reconsider its decision to affirm the lower court's denial of post-conviction relief for King. Because we find that the circuit judge committed no error in denying King's motion for post-conviction relief, we deny King's motion for rehearing.

¶2. King claims that his guilty plea to the crime of possession of cocaine with intent to distribute was involuntary. The record from the proceedings disproves King's claim. King signed under oath a petition to enter a plea of guilty. In that petition he stated that his plea was knowingly, voluntarily, and intelligently entered. He acknowledged that he was waiving certain rights by entering his guilty plea. He stated that his lawyer had fully advised him of the charges against him, any possible defenses that he might have had, and the minimum and maximum sentences which could be imposed against him. And he claimed to be satisfied with the representation he received from his attorney. Before accepting his guilty plea, the trial judge asked King if he was guilty of the charge against him. He admitted in open court that he was guilty of possessing

the cocaine with the intent to distribute it. He testified that no one had threatened or coerced him in any manner, nor had anyone promised him anything in exchange for his guilty plea. He again stated that he was satisfied with the services of his attorney. After accepting King's guilty plea, the trial judge sentenced King to a term of thirty years. The judge agreed to retire to the files three additional charges against King.

¶3. There is nothing in the record to indicate that King's plea was anything other than knowingly, voluntarily, and intelligently given. King's claim to the contrary is meritless.

¶4. King's application for post-conviction relief alleges numerous violations of his constitutional rights. King's constitutional claims include that he was the victim of an illegal search and seizure, that the waiver of indictment was deficient, that his right against self-incrimination was violated, that he was denied the right to confront witnesses, and that the State failed to prove the elements of the offense.

¶5. King's valid guilty plea constitutes a waiver of these constitutional rights. *Jefferson v. State*, 556 So. 2d 1016, 1018-19 (Miss. 1989). By pleading guilty, King voluntarily gave up his right to make certain constitutional challenges. This claim is without merit.

¶6. King also alleges that his court-appointed lawyer was ineffective. In order to prevail, King must show (1) that the lawyer's performance was deficient and (2) that the deficient performance prejudiced King to the extent that he did not receive a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). King must show that there is a reasonable probability that, but for his attorney's mistakes, the outcome would have been different. *Chase v. State*, 699 So.2d 521, 526-27 (Miss.1997). King has shown no deficient performance by his attorney. The record indicates that King was satisfied with the representation he received. There is no proof whatsoever of any failure on the part of King's counsel. This issue is meritless.

## CONCLUSION

¶7. For the foregoing reasons we find King's claims to be completely without merit, and we deny King's motion for rehearing.

¶8. **MOTION FOR REHEARING DENIED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, McRAE, SMITH, MILLS AND COBB, JJ., CONCUR.**