953 So.2d 302 (2007)
Henry Lee PRUITT, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-CP-00041-COA.
Court of Appeals of Mississippi.
April 3, 2007.
*303 Henry Lee Pruitt, Appellant, pro se.
Office of the Attorney General by Jacob Ray, attorney for appellee.
Before MYERS, P.J., IRVING and BARNES, JJ.
MYERS, P.J., for the Court.
¶ 1. Henry Lee Pruitt takes his appeal from the order of the Circuit Court of Monroe County denying his motion for post-conviction relief. On March 2, 1999, Pruitt pled guilty to conspiracy to sell cocaine and was assessed various fines, ordered to pay restitution, and sentenced to serve a term of eight years in the custody of the Mississippi Department of Corrections (MDOC). However, Pruitt received credit for approximately one year and two months time served, the balance of his eight-year sentence was suspended, and he was placed on post-release supervision subject to certain terms and conditions in the custody of MDOC for a term of five years.
¶ 2. During the suspension of Pruitt's sentence while he was serving his five years' post-release supervision, he was arrested and convicted for a violation of federal law, in turn, violating the terms that the circuit court established as a condition of his post-release supervision. Subsequently, a revocation hearing was held in the circuit court and the court ordered the revocation of four years of Pruitt's original eight-year suspended sentence. However, the reinstated four years of Pruitt's original sentence were ordered to run concurrently with the federal sentence he was serving, provided that Pruitt refrain from violating any laws upon his release from custody. Pruitt moved for post-conviction relief; however, his petition was denied. He now appeals, arguing several issues that are combined and recast below:
I. WHETHER THE LOWER COURT ABUSED ITS DISCRETION IN FAILING TO ISSUE AN ORDER LISTING THE EVIDENCE RELIED UPON IN REVOKING THE SUSPENDED SENTENCE;
II. WHETHER THE APPELLANT WAS SUBJECTED TO DOUBLE JEOPARDY BY THE REVOCATION OF HIS SUSPENDED SENTENCE;
III. WHETHER THE APPELLANT WAS UNCONSTITUTIONALLY DENIED RIGHT TO COUNSEL AT HIS REVOCATION HEARING.
¶ 3. Finding no error in the decision of the lower court to deny Pruitt's motion for post-conviction relief, we affirm.

DISCUSSION
¶ 4. Our review of a lower court's denial of a motion for post-conviction relief is limited to reversal only when the decision is clearly erroneous. Kirksey v. State, 728 So.2d 565, 567(¶ 8) (Miss.1999). We review issues of law, however, de novo. Johnson v. State, 923 So.2d 237, 238(¶ 7) (Miss.Ct.App.2006).
I. WHETHER THE LOWER COURT ABUSED ITS DISCRETION IN FAILING TO ISSUE AN ORDER LISTING THE EVIDENCE RELIED UPON IN REVOKING THE SUSPENDED SENTENCE?
¶ 5. Pruitt argues that denial of his motion for post-conviction relief was error because he was denied due process by the lower court. Specifically, he argues that he was deprived of a written list of *304 evidence the circuit court relied upon in revoking his suspended sentence for his failure to comply with the conditions of his post-release supervision. Pruitt supports his position by arguing that the minimum requirements of due process applicable in a final revocation hearing include "a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole." Gagnon v. Scarpelli, 411 U.S. 778, 786, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) (citing Morrissey v. Brewer, 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)). Petitioner correctly states the applicable law; however, we find his argument that he did not receive such protections of his due process rights unfounded. Upon our review of the record, we find that the lower court properly listed the evidence relied upon in revoking Pruitt's suspended sentence. Particularly, the circuit court pointed to Pruitt's criminal conviction and sentence in the federal system, occurring during the time he was under post-release supervision, to support the revocation. Furthermore, the lower court stated three different reasons in its order revoking Pruitt's suspended sentence. The court stated that Pruitt violated the terms of his post-release supervision by (1) failing to live at liberty without violating any laws, (2) failing to report to his probation officer as directed, and (3) failing to abstain from the possession or use of controlled substances. Based upon the ample evidence contained in the record indicating that the lower court complied with the requirements of due process, we find that this issue is without merit.
II. WHETHER THE APPELLANT WAS SUBJECTED TO DOUBLE JEOPARDY BY THE REVOCATION OF HIS SUSPENDED SENTENCE?
¶ 6. Pruitt argues that the decision of the trial court to revoke his suspended sentence was illegal as it subjects him to double jeopardy, citing to the case of Johnson v. State, 753 So.2d 449 (Miss.Ct. App.1999), in support of his proposition. Based upon the precedent of Johnson, he asks this Court to reverse the dismissal of his motion for post-conviction relief. We find that Pruitt's reliance on the Johnson case is mistaken and that he was not subjected to double jeopardy.
¶ 7. In Johnson, this Court revoked and set aside a sentence imposed by the trial court, finding that the sentence violated the double jeopardy clauses of the federal and state constitutions. Johnson was initially sentenced to a term of twenty years, with five years suspended and fifteen years to serve. However, after Johnson refused to comply with his end of a plea bargain agreement by testifying against a co-conspirator, the trial court resentenced him to a term of thirty years. Johnson filed a motion for post-conviction relief asserting that he received an illegal sentence, but the trial court denied his petition. This Court reversed the trial court's denial of Johnson's post-conviction relief, holding that it was error to resentence a defendant to a greater sentence than was initially imposed as it constitutes double jeopardy.
¶ 8. The case sub judice is distinguishable from the Johnson decision in that Pruitt was not resentenced to a different term following his violation of the terms of his post-release supervision, rather his initial sentence was reinstated. Because of these violations, Pruitt was arrested for violations of the conditions of his post-release supervision and, following his hearing on the matter, his suspended sentence was revoked approximately ten and one-half months later. The original sentence handed down from the circuit court sentenced *305 Pruitt to eight years in the custody of the MDOC, credited him with the approximate one year and two months time served[1], but suspended the remaining approximate six year and ten month sentence, provided that he comply with the terms of his post-release supervision. Revocation based on a violation of a condition of post-release supervision is provided for by Mississippi Code Annotated section 47-7-37 (Supp.2006) and states in pertinent part:
the court . . . may continue or revoke all or any part of the . . . suspension of sentence, and may cause the sentence imposed to be executed or may impose any part of the sentence which might have been imposed at the time of conviction.
After Pruitt was arrested, the trial judge had within his power the authority to reinstate Pruitt's entire six year and ten month sentence that was previously suspended. However, the judge chose only to revoke four years of Pruitt's originally suspended sentence.[2] Therefore, no violations of double jeopardy have occurred here. Thus, we find this issue is without merit as the circuit court's revocation of four years of Pruitt's originally suspended sentence was not error.
III. WHETHER THE APPELLANT WAS UNCONSTITUTIONALLY DENIED RIGHT TO COUNSEL AT HIS REVOCATION HEARING?
¶ 9. Pruitt asserts that the lower court erred in dismissing his argument that he was unconstitutionally denied his right to counsel at his revocation hearing. It is well established in Mississippi that there is no per se right to counsel at revocation hearings. Riely v. State, 562 So.2d 1206, 1209 (Miss.1990) (quoting Lassiter v. Dep't of Social Servs., 452 U.S. 18, 26, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981)). The Supreme Court of the United States has addressed this specific issue and held that the decision of whether counsel is to be provided at a revocation hearing is one that is to be made on a case-by-case basis. Gagnon, 411 U.S. at 790, 93 S.Ct. 1756. The Supreme Court declined to formulate a bright line test to determine when counsel would be constitutionally required, but stated that the "presence and participation of counsel will probably be both undesirable and constitutionally unnecessary in most revocation hearings," however, "there will remain certain cases in which fundamental fairnessthe touchstone of due processwill require that the State provide at its expense counsel for indigent probationers or parolees." Id. The Supreme Court further stated,
[C]ounsel should be provided in cases where, after being informed of his right to request counsel, the probationer or parolee makes such a request, based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise *306 difficult to develop or present. In passing on a request for the appointment of counsel, the responsible agency also should consider, especially in doubtful cases, whether the probationer appears to be capable of speaking effectively for himself. In every case in which a request for counsel at a preliminary or final hearing is refused, the grounds for refusal should be stated succinctly in the record.
Id. at 790-91, 93 S.Ct. 1756.
¶ 10. Pruitt does not allege, nor can it be argued, that his request for counsel is based on a colorable claim. In the order denying Pruitt's motion for post-conviction relief, the trial judge found that an appointment of counsel, in this case, was not warranted because the hearing did not involve complex or otherwise difficult issues to develop. Pruitt's subsequent conviction in the federal system is a matter of public record and he presents no argument that his violation is an otherwise difficult issue to litigate. We agree with the lower court's finding that the issues in this case are not complex. Pruitt's sentence was suspended and he was placed on post-release supervision in lieu of his having to fully serve out his term, with the condition that he not violate the terms set forth by the circuit court. During his post-release supervision, Pruitt was convicted of drug related charges in the federal system. This federal conviction was in violation of the conditions of his post-release supervision. An appointment of counsel to Pruitt for his revocation hearing was not warranted or required by law. Therefore, we find this issue is without merit.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF MONROE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MONROE COUNTY.
KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] Mississippi Code Annotated section 99-19-23 (Rev.2000), dictates that "[t]he number of days spent by a prisoner in incarceration in . . . jail while awaiting trial on a criminal charge, or awaiting an appeal to a higher court upon conviction, shall be applied on any sentence rendered by a court of law. . . ."
[2] The ten and one-half month period Pruitt spent incarcerated after he was arrested for his post-release supervision violation, but before his probation was revoked, is automatically credited to him via statutory mandate of Mississippi Code Annotated section 99-19-23.