CARLTON, J.,
 

 for The Court.
 

 ¶ 1. This case comes before the Court on appeal from an order dismissing Anthony Williams’s motion for post-conviction relief. Aggrieved with the circuit court’s judgment, Williams appeals arguing nine errors, which have been combined into the following four issues: (1) whether the circuit court erred in dismissing Williams’s post-conviction relief motion without an ev-identiary hearing, (2) whether the circuit court erred by revoking Williams’s suspended sentence, (3) whether it was plain error and a violation of double jeopardy to impose house arrest upon Williams, and (4) whether it was a violation of Williams’s due process rights to fail to afford him a preliminary and final revocation hearing. Finding no error, we affirm.
 

 FACTS
 

 ¶2. On July 29, 1998, a grand jury in Jefferson Davis County, Mississippi indicted Williams for selling cocaine, a Schedule II controlled substance. On January 26, 1999, Williams was arraigned and pled guilty to the sale of cocaine. During the hearing, Williams was advised of the consequences of his guilty plea. Williams attested that his decision was freely and voluntarily made.
 

 ¶ 3. On February 12, 1999, Williams was sentenced to serve a term of fifteen years in the custody of the Mississippi Department of Corrections (MDOC). After seven years were served, the court suspended the remaining eight years and placed Williams on post-release supervision.
 

 ¶ 4. Williams violated the terms of his suspended sentence by being charged with domestic violence on September 29, 2005, and again on June 28, 2006. On July 12, 2006, Williams executed a waiver of right to notice and/or waiting period prior to preliminary post-release hearing. On July 24, 2006, Williams signed a waiver of his right to a revocation hearing, which included an admission that he had violated the conditions of his post-release supervision, and he consented to an immediate revocation of his post-release supervision. Also, on July 24, 2006, the circuit court revoked his post-release supervision for a period of eight years with the first three years to be served in the intensive supervision program (house arrest) with the remaining five years to be served on post-release supervision.
 

 ¶ 5. Williams filed a motion for post-conviction relief on October 9, 2007, arguing that the State did not afford him a revocation hearing and that his sentence to house arrest was illegal. The circuit court dismissed Williams’s motion on October 17, 2007. This appeal followed.
 

 STANDARD OF REVIEW
 

 ¶ 6. The standard of review for a dismissal of a post-conviction motion is well stated: “[t]he findings of the trial court must be clearly erroneous in order to overturn a lower court’s dismissal of a post-conviction relief motion.”
 
 Willis v. State,
 
 904 So.2d 200, 201(3) (Miss.Ct.App.2005) (citing
 
 McClinton v. State,
 
 799 So.2d 123, 126(4) (Miss.Ct.App.2001)). However, when issues of law are raised, the proper standard of review is de novo.
 
 Byrom v. State,
 
 978 So.2d 689, 690(5) (Miss.Ct.App.
 
 *391
 
 2008) (citing
 
 Brown v. State,
 
 781 So.2d 595, 598(6) (Miss.1999)).
 

 DISCUSSION
 

 I. Jurisdiction Over Williams’s Appeal
 

 ¶ 7. This Court’s review of the record reveals a question regarding this Court’s jurisdiction that was not addressed by either party in their briefs. The trial judge entered his order dismissing Williams’s motion for post-conviction relief on October 17, 2007. Then, the trial judge entered an order on November 7, 2007, denying Williams’s motion to alter or amend the judgment dismissing his post-conviction relief motion. However, the motion to alter or amend the judgment is not a part of the record on appeal. Thus, we have no indication of when the motion was filed with the trial court. Williams’s notice of appeal was filed in the circuit clerk’s office on November 30, 2007. The notice of appeal was dated November 28, 2007, but the date the notice of appeal was actually placed in the mail is not indicated in the record.
 
 See Sykes v. State,
 
 757 So.2d 997, 1000-01(¶ 14) (Miss.2000) (adopting the prison mailbox rule and holding that “a pro se prisoner’s motion for post-conviction relief is delivered for filing ... when the prisoner delivers the papers to prison authorities for mailing”).
 

 ¶ 8. Rule 4(a) of the Mississippi Rules of Appellate Procedure provides that “the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from.” This thirty-day period for filing a notice of appeal can be tolled by the filing of a post-trial motion in a civil case. A review of Mississippi Rule of Appellate Procedure 4(d) assists in understanding the procedural history of this case as it came before the trial court. M.RA.P. 4(d). Rule 4(d) provides, in part, the following:
 

 If any party files a timely motion of a type specified immediately below the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. This provision applies to a timely motion under the Mississippi Rules of Civil Procedure ... under Rule 59 to alter or amend the judgment ... if the motion is filed no later than 10 days after the entry of judgment.
 

 ¶ 9. Because Williams’s motion to alter or amend the trial court’s judgment was not made part of the record on appeal, this Court cannot determine whether it was filed within the ten-day period as required by Rule 4(d) so as to toll the thirty-day limitation set forth in Rule 4(a). If Williams’s motion to alter or amend the trial court’s judgment was timely filed, then his appeal would also have been timely filed and this court would have jurisdiction over Williams’s appeal. In criminal cases, the Court may suspend the time line requirements pursuant to Rule 4 to permit out of time appeals.
 
 See DeLoach v. State,
 
 890 So.2d 934, 936(¶8) (Miss.Ct.App.2004) (stating that “an appellate court may suspend the appellate rules and grant an out-of-time appeal ‘where a person is convicted of a crime and through no fault of his own is effectively denied his right to perfect his appeal within the time prescribed by law by the acts of his attorney or the trial court’ ”) (quoting
 
 Jones v. State,
 
 355 So.2d 89, 90 (Miss.1978)). Post-conviction relief proceedings are governed by the rules controlling criminal appeals. Miss.Code Ann. § 99-39-25(1) (Rev.2007). Because Williams’s motion to alter or amend the trial court’s judgment is missing from the record and it, thus, appears that Williams, through no fault of his own, was not able to timely perfect his appeal, we address Williams’s issues on the merits.
 

 
 *392
 
 II. Dismissal of Williams’s Post-Conviction Relief Motion Without an Evidentiary Hearing
 

 ¶ 10. Williams contends that he should have been granted an evidentiary hearing before the circuit court dismissed his post-conviction relief motion. He argues that an evidentiary hearing was necessary because the court improperly modified his suspended sentence to include house arrest. Further, the revocation was based solely on the fact that Williams violated his post-release supervision, and Williams argues that the court had no cause to revoke or modify his suspended sentence because there were no violations.
 

 ¶ 11. A trial court enjoys wide discretion in determining whether to grant an evidentiary hearing.
 
 Hebert v. State,
 
 864 So.2d 1041, 1045(11) (Miss.Ct.App. 2004). A post-conviction claim for relief is properly dismissed without the benefit of an evidentiary hearing where it is manifestly without merit.
 
 Holland v. State,
 
 956 So.2d 322, 326(7) (Miss.Ct.App.2007) (citations omitted). This means that dismissal is appropriate where it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.
 
 Culbert v. State,
 
 800 So.2d 546, 550(9) (Miss.Ct.App.2001) (citing
 
 Turner v. State,
 
 590 So.2d 871, 874 (Miss.1991)).
 

 ¶ 12. The record indicates that Williams’s post-conviction claim for relief is without merit. Williams cannot prove any set of facts that would entitle him to relief. Therefore, the circuit court did not err in summarily dismissing Williams’s post-conviction relief motion without an ev-identiary hearing. This issue is without merit.
 

 III. Revocation of Williams’s Suspended Sentence
 

 ¶ 13. Williams contends that the circuit court improperly and unlawfully revoked his suspended-sentence term. He alleged that his domestic violence arrests did not violate the terms of his post-release supervision because he pled not guilty and the charges were dismissed. However, in his revocation waiver, he admitted to violating the terms of his post-release supervision. Williams argues that the revocation of his suspended sentence is contrary to law.
 

 ¶ 14. Williams’s sentence was suspended, and he was placed on post-release supervision in accordance with the provisions of Mississippi Code Annotated section 47-7-34(2) (Rev.2004). The statute states in part that:
 

 The period of post-release supervision shall be conducted in the same manner as a like period of supervised probation, including a requirement that the defendant shall abide by any terms and conditions as the court may establish. Failure to successfully abide by the terms and conditions shall be grounds to terminate the period of post-release supervision and to recommit the defendant to the correctional facility from which he was previously released. Procedures for termination and recommitment shall be conducted in the same manner as procedures for the revocation of probation and imposition of a suspended sentence.
 

 Miss.Code Ann. § 47-7-34(2). The court set out terms and conditions to which Williams was to adhere, and any violation of those conditions was a violation of his post-release supervision. A violation gave the court the authority to revoke Williams’s post-release supervision and remand him back into the custody of the MDOC to serve the remainder of his term. Because Williams admitted in his waiver that he did, in fact, violate the terms of his post-release supervision by committing the
 
 *393
 
 offense of domestic violence on two occasions, the court had the authority to revoke his post-release supervision.
 

 ¶ 15. Williams was advised of the terms and conditions of his post-release supervision. He was aware that if he violated the law, his post-release supervision would be subject to revocation. After being charged with domestic violence, Williams waived his right to a revocation hearing wherein he admitted to the domestic violence violations. He, therefore, did not contest the charged domestic violence violations that served as a basis for the revocation of his post-release supervision. Williams’s signed admission of the charges serves as a violation of the terms and conditions of his post-release supervision. Therefore, we do not find that the court erred in revoking Williams’s post-release supervision.
 

 IY. Legality of Williams’s House Arrest
 

 ¶ 16. Williams argues that being sentenced to house arrest constitutes an illegal sentence since he was ineligible for house arrest under Mississippi Code Annotated section 47-5-1003 (Rev.2004), having been convicted of a felony for selling cocaine.
 
 [1]
 
 The statute mandates that persons convicted of sex crimes and felonies involving the sale of drugs shall be excluded from participation in the intensive supervision program. Additionally, Williams argues that revoking his suspended sentence and including three years of house arrest was a more severe and onerous constraint on him than being in the custody of the MDOC. Williams further argues that the addition of house arrest as a condition of his suspended sentence was a violation of the double jeopardy provisions.
 

 ¶ 17. The State submits that although Williams was ineligible for house arrest, he has not been prejudiced according to
 
 Graves v. State,
 
 822 So.2d 1089, 1091(8) (Miss.Ct.App.2002). Graves alleged that he was ineligible for a suspended sentence because he was already a convicted felon as Williams similarly alleges here. The Court in
 
 Graves
 
 held that a defendant should not be allowed to reap the benefits of an illegally lighter sentence and then turn around and attack its legality.
 
 Id.
 
 at 1092(11).
 

 ¶ 18. It is well settled in Mississippi that when a defendant is given an illegal sentence that is more favorable than what the legal sentence would have been, he is not later entitled to relief through a post-conviction relief action.
 
 Jefferson v. State,
 
 958 So.2d 1276, 1279(9) (Miss.Ct.App.2007). The Mississippi Supreme Court stated that when the error benefits the defendant in the form of a more lenient sentence, it is harmless error.
 
 Sweat v. State,
 
 912 So.2d 458, 461(9) (Miss.2005) (citing
 
 Chancellor v. State,
 
 809 So.2d 700, 702(8) (Miss.Ct. App.2001)).
 

 ¶ 19. The circuit court was correct in stating that incarceration in a MDOC facility was the only legal sentence available for Williams after he violated his post-release supervision. Williams’s sentence to house arrest is clearly more lenient and favorable than incarceration and was a benefit to Williams. Therefore, Williams was not prejudiced by the sentence and cannot now attack its legality and complain of prejudice. We find that Williams’s argument to the contrary is without merit.
 

 ¶ 20. Further, Williams argues that the additional condition of house arrest to his suspended sentence was an
 
 *394
 
 impermissible increase in the level of punishment to invoke constitutional concerns of double jeopardy. The Fifth Amendment to the United States Constitution and Article 3, Section 22 of the Mississippi Constitution of 1890 address the issue of double jeopardy and provide that a person may not be prosecuted twice for the same offense. “For a plea of [double] jeopardy to avail it must be shown that a defendant was actually acquitted or convicted in a former trial on the merits of the crime for which he is again sought to be convicted.”
 
 McBride v. Sparkman,
 
 860 So.2d 1237, 1240(7) (Miss.Ct.App.2003) (quoting
 
 Lightsey v. State,
 
 493 So.2d 375, 377-78 (Miss. 1986)). This situation did not occur in the present case.
 

 ¶ 21. This Court addressed a similar issue in
 
 Pruitt v. State,
 
 953 So.2d 302, 303(2) (Miss.Ct.App.2007), where four years of Pruitt’s eight-year suspended sentence was revoked because he violated the terms of his post-release supervision. Pruitt filed a motion for post-conviction relief, claiming that the revocation of his suspended sentence subjected him to double jeopardy.
 
 Id.
 
 Relying upon Mississippi Code Annotated section 47-7-37 (Supp. 2006), the supreme court held that no violations of double jeopardy had occurred because the court had the authority to reinstate the entire six-year and ten-month sentence that was previously suspended.
 
 Id.
 
 at 305(¶ 8). Furthermore, this Court has held that when a defendant is found to have violated the terms and conditions of his probation, the court has the power to impose any sentence which could have originally been imposed.
 
 Johnson v. State,
 
 753 So.2d 449, 455(15) (Miss.Ct.App. 1999) (citing
 
 Leonard v. State,
 
 271 So.2d 445, 447 (Miss.1973)).
 

 ¶ 22. From this Court’s review, we find no error in the circuit court’s dismissal of Williams’s motion for post-conviction relief. After Williams violated his post-release supervision, the circuit court revoked his post-release supervision for a period of eight years with the first three years to be served on house arrest and the remaining sentence to be served on post-release supervision. Williams’s sentence was within the circuit court’s authority according to Mississippi Code Annotated section 47-7-37 (Supp.2004).
 

 ¶ 23. The condition of house arrest did not prejudice Williams or violate his constitutional rights against double jeopardy. Therefore, we find that these issues are without merit.
 

 V. Williams’s Rights to a Preliminary and Final Revocation Hearing
 

 ¶ 24. Williams asserts that his due process rights were violated in the revocation of his post-release supervision because he was denied a preliminary hearing and a final revocation hearing for revocation of his post-release supervision. The State argues that Williams has failed to present any arguments showing that he was entitled to a revocation hearing, which comply with the dictates of Mississippi Code Annotated section 47-5-1003. Further, the State argues that Williams waived his right to a revocation hearing because he signed a waiver and consented to immediate revocation of his post-release supervision.
 

 ¶25. In
 
 Godsey v. Houston,
 
 584 So.2d 389, 393 (Miss.1991), the court found no violation of due process rights where there was evidence and/or waiver of hearing of violation of Godsey’s parole. The record indicates that Williams signed a waiver of right to a revocation hearing on July 24, 2006. In the waiver, Williams admitted to the charges in the affidavit and consented to immediate revocation of his post-release supervision.
 

 
 *395
 
 ¶ 26. A similar issue was addressed in
 
 Crowell v. State,
 
 801 So.2d 747, 750(10) (Miss.Ct.App.2000), where Crowell signed a waiver of his right to a preliminary revocation hearing. Crowell had notice that he had violated his probation and had an opportunity to defend himself. However, he signed a waiver and waived his rights. The record shows that Crowell was afforded his due process rights.
 
 Id.
 

 ¶ 27. Williams signed a waiver to a revocation hearing and admitted to the charges. Further, he consented to immediate revocation of his post-release supervision. Williams was given notice and an opportunity to be heard and was, therefore, not denied his due process rights. We find that this issue is without merit.
 

 ¶ 28. THE JUDGMENT OF THE JEFFERSON DAVIS COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JEFFERSON DAVIS COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. MAXWELL, J., NOT PARTICIPATING.
 

 [1]
 

 . Apparently, the MDOC has re-classified Williams from house arrest to inmate status for violation of the conditions of the intensive supervision placement since Williams now lists his address as South Mississippi Correctional Facility in Leakesville, Mississippi.