GRIFFIS, P.J.,
for the Court:
¶ 1. Christopher Edwards appeals the denial of his motion for post-conviction collateral relief. Edwards argues that he was subjected to double jeopardy, his plea was involuntary, and he was denied effective assistance of counsel. We find no error and affirm.
FACTS
¶2. On April 10, 2006, Edwards pled guilty to the crime of statutory rape. He was then sentenced to serve a term of twenty years, with fifteen years to be suspended, five years to serve, and five years of post-release supervision after his incarceration.
¶3. On January 20, 2010, Edwards’s probation was revoked for failure to comply with the terms of his post-release su *938 pervision. Specifically, Edwards was arrested for domestic violence. After a hearing, Edwards was ordered to serve the previously suspended fifteen years in prison.
¶ 4. On October 13, 2011, Edwards filed a motion for post-conviction collateral relief. His motion alleged that: (1) his conviction and sentence were imposed in violation of the United States Constitution and the Mississippi Constitution; (2) his sentence exceeds the maximum authorized by law; (3) there exists evidence of material facts not previously presented and heard that require vacation of the conviction or sentence in the interest of justice; (4) his plea was made involuntarily; and (5) his counsel was ineffective. On January 19, 2012, the circuit court determined that there was no merit to Edwards’s contentions and dismissed the motion.
ARGUMENT

I. Whether Edwards was subject to double jeopardy.

¶ 5. Edwards argues that double jeopardy was “imposed” upon him when the court reinstated the previously suspended fifteen-year portion of his sentence. Specifically, Edwards asserts that the court did not have the right to reinstate the fifteen-year portion of his initial sentence, which was suspended following his guilty plea to the charge of statutory rape.
¶ 6. It is well settled in Mississippi that courts have the authority to reinstate any sentence that was previously suspended. Pruitt v. State, 953 So.2d 302, 305 (¶ 8) (Miss.Ct.App.2002). Pruitt was arrested for violating the terms of his post-release supervision. Id. at 303 (¶ 2). Pruitt argued that he was subjected to double jeopardy when the circuit court revoked his suspended sentence and reincar-cerated him. Id. at 304 (¶ 6). This Court found that Pruitt was not “resentenced,” but rather his original sentence that had been suspended was reinstated for failure to comply with the terms of his post-release supervision. Id. at 304-05 (¶ 8).
¶ 7. In Anderson v. State, 89 So.3d 645, 651 (¶ 15) (Miss.Ct.App.2011), this Court held that the circuit court has the authority to revoke post-release supervision and order the defendant to serve the remainder of his suspended sentence. We concluded that this was not an alteration of the sentence but, rather, an enforcement of the original sentence. Id. at (¶ 14).
¶ 8. Mississippi Code Annotated section 47-7-34(2) (Rev.2011) provides:
The period of post-release supervision shall be conducted in the same manner as a like period of supervised probation, including a requirement that the defendant shall abide by any terms and conditions as the court may establish. Failure to successfully abide by the terms and conditions shall be grounds to terminate the period of post-release supervision and to recommit the defendant to the correctional facility from which he was previously released. Procedures for termination and recommitment shall be conducted in the same manner as procedures for the revocation of probation and imposition of a suspended sentence.
Because Edwards failed to abide by the terms of his post-release supervision, no error occurred when the circuit court reinstated his original sentence and reincarcer-ated him for the remaining fifteen years. We find no error as to this issue.

II. Whether Edwards’s plea was voluntarily made.

¶ 9. Edwards next argues that he was induced to plead guilty, because he was never told that if after his release he violated the terms of his post-release supervi *939 sion, he could potentially be sent back to prison.
¶ 10. When Edwards pled guilty, the plea petition provided that the prosecutor recommended that Edwards receive twenty years in the custody of the Mississippi Department of Corrections, with five years to serve and five years under post-release supervision. During his sentencing hearing, Edwards gave sworn testimony that he and his attorney had reviewed the sworn petition. Edwards acknowledged that his attorney had advised him of all of his constitutional rights and that he wanted to plead guilty to the charge of statutory rape.
¶ 11. The Mississippi Supreme Court has previously stated: “A guilty plea will be found valid if it is shown to have been voluntarily and intelligently made by the criminal defendant before the trial court.” Burrough v. State, 9 So.3d 368, 373 (¶ 11) (Miss.2009) (citing King v. State, 738 So.2d 240, 241 (Miss.1999)). “To determine whether the plea is voluntarily and intelligently given, the trial court must advise the defendant of his rights, the nature of the charge against him, as well as the consequences of the plea.” Id. (citing Harris v. State, 806 So.2d 1127, 1130 (Miss.2002)).
¶ 12. The record supports a finding that the court told Edwards the prosecutor’s recommendation and that Edwards voluntarily and intelligently pled guilty after he was advised of his rights, the nature of the charge against him, and the consequences of his plea. We find that Edwards was well aware of what he was pleading guilty to and clearly understood the consequences of his plea. The circuit court was correct to deny the motion for post-conviction collateral relief on this issue. We find no error as to this issue.

III. Whether Edwards was denied effective assistance of counsel.

¶ 13. At Edwards’s sentencing hearing, he was represented by his original attorney. Once his probation was revoked for failure to abide by its terms, Edwards had a revocation hearing and was appointed a different attorney. Edwards argues that he received ineffective assistance of counsel when his original attorney was allowed to withdraw, and the attorney appointed to represent him at the revocation hearing lacked knowledge of his case.
¶ 14. In its order, the court noted that the agreement between Edwards and his original attorney required representation only through his plea hearing. Moreover, the court found that Edwards did not allege any conduct by his second attorney that would amount to ineffective assistance of counsel.
¶ 15. In Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court stated:
A convicted defendant’s claim that counsel’s assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel’s performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the “counsel” guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel’s errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.
*940 Edwards has failed to offer any evidence that would show ineffective assistance of counsel. In fact, the only information Edwards provides in regard to this claim is that the trial court allowed ■ the original attorney to withdraw, because Edwards’s grandmother did not fully pay for the representation.
¶ 16. In applying Strickland to Edwards’s claim, we find that Edwards has failed to show that his attorneys’ performance was deficient or that any such deficiency prejudiced Edwards. We find no error as to this issue.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF CLAY COUNTY DENYING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLAY COUNTY.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR. ROBERTS, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.