801 So.2d 747 (2000)
Kelvin CROWELL, Appellant
v.
STATE of Mississippi, Appellee.
No. 1999-CA-02118-COA.
Court of Appeals of Mississippi.
November 28, 2000.
*748 Joe N. Tatum, Jackson, Attorney For Appellant.
Office Of The Attorney General By Jean Smith Vaughan, Jackson, Attorney For Appellee.
BEFORE KING, P.J., MOORE, AND THOMAS, JJ.
THOMAS, J., for the Court:
¶ 1. Kelvin Crowell appeals an order of the Circuit Court of Lauderdale County, Mississippi denying his petition for post-conviction relief. Aggrieved, Crowell perfected this appeal, raising the following issues as error:
I. WHETHER THE LOWER COURT ERRED BY NOT APPOINTING COUNSEL FOR THE PETITIONER WHEN THE REVOCATION AND SENTENCING HEARING WAS HELD?
II. WHETHER REVOCATION OF HIS PROBATION VIOLATED THE PETITIONER'S RIGHT TO DUE PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION?
Finding no error, we affirm.

FACTS
¶ 2. On June 11, 1997, Kelvin Crowell entered a guilty plea to the offense of aggravated assault in the Lauderdale County Circuit Court. Crowell was placed on probation for a period of five years under a suspended sentence of ten years. In addition to the $20 per month supervision fee for each month of probation, Crowell was ordered to pay an appearance bond fee of $100 and court costs of $245.50.
¶ 3. Following a revocation hearing on September 15, 1998, Crowell's probation was revoked on the basis that Crowell committed a new crime of shoplifting, tested positive for marijuana and cocaine, failed to report as directed, and failed to pay supervision fees. Crowell was ordered to serve his ten year sentence and participate in the alcohol and drug treatment program sponsored by Mississippi Department of Corrections.
¶ 4. Crowell filed a complaint in post-conviction relief in which he claimed that *749 the revocation of his suspended sentence without the aid of counsel violated his Sixth Amendment right to assistance of counsel and his Fourteenth Amendment right to due process. The circuit court entered an order denying Crowell's complaint. It is from this denial that Crowell now appeals.

ANALYSIS

I.

WHETHER THE LOWER COURT ERRED BY NOT APPOINTING COUNSEL FOR THE PETITIONER WHEN THE REVOCATION AND SENTENCING HEARING WAS HELD?
¶ 5. Initially, in reviewing a trial court's decision to deny a motion for post-conviction relief the standard of review is clear. The trial court's denial will not be reversed absent a finding that the trial court's decision was clearly erroneous. Kirksey v. State, 728 So.2d 565, 567 (Miss. 1999).
¶ 6. Crowell maintains that the lower court erred by failing to appoint counsel at his probation revocation hearing, relying on Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967) to support his contention. In Mempa, the defendant was placed on probation for two years on the condition that he first spend thirty days in jail. The imposition of sentence was deferred. Id. at 131, 88 S.Ct. 254. About four months later, Mempa was involved in a burglary, and a revocation hearing was held. The court immediately entered an order revoking petitioner's probation and then sentenced him to ten years in the penitentiary. Id. The United States Supreme Court in Mempa held that a probationer is entitled to be represented by appointed counsel at a combined revocation and sentencing hearing unless probationer was sentenced at the time of the trial or plea. See Riely v. State, 562 So.2d 1206, 1209 (Miss.1990).
¶ 7. The case sub judice is readily distinguishable from Mempa. Crowell was sentenced at the time of his plea for a period of ten years, although suspended. In Mempa, there was no sentence at the time of the plea. Mempa differs from the case at bar, due to the fact that Mempa did not receive an actual sentence until his probation was revoked and a sentencing hearing was held. Mempa could have been sentenced for a period of one day or ten years, and in this regard, the United States Supreme Court requires counsel to be present for the sentencing hearing. In the instant case, the trial judge at the plea hearing informed Crowell that a violation of the conditions of probation would result in revocation of his probation and execution of the ten year sentence. Our supreme court in Riely, held that probationers and parolees do not "have, per se, a right to counsel at revocation hearings." Riely v. State 562 So.2d 1206, 1209 (Miss. 1990).
¶ 8. Another argument that Crowell raises is that he had mitigating factors wherein he needed the assistance of counsel. Crowell relies on Gagnon v. Scarpelli and attempts to claim that he has a long history of mental illness and depression which makes his situation "complex and difficult to develop." Gagnon v. Scarpelli, 411 U.S. 778, 790, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). Crowell's case is not such a case. The record shows that at the guilty plea hearing Crowell denied that he suffered from any mental disease or disorder. The record of the revocation hearing reveals Crowell to be fully aware of the proceedings and articulate enough to question his probation officer on cross-examination about his violations and reply to the judge when he testified on direct matters regarding *750 mitigation of his violations. Crowell admitted to his shoplifting conviction but claimed he was having blackout spells. He admitted he smoked marijuana, but denied use of cocaine. He claimed that the marijuana he smoked must have been laced with cocaine, and he was not aware of that. He admittedly missed probation meetings and failed to pay monies due although he had an excuse for both. This was a simple case wherein the judge simply did not believe Crowell's excuses and would not overlook his violations.
¶ 9. Crowell claims that he was misinformed by the lower court of his right to counsel. The transcript of the hearing shows that the judge stated that he could not appoint counsel because Crowell was not charged with any new felonies. Although the judge's statement may have been inaccurate were this a complex case, given what we have shown here, this was not the type of case that required appointment of counsel. The record shows that Crowell never requested a continuance to retain counsel. We hold that Crowell had adequate time to request counsel for his revocation hearing if he so desired, and given the simplicity of the facts of this case, his assertion that the lower court erred by not appointing counsel is without merit.

II.

WHETHER REVOCATION OF HIS PROBATION VIOLATED THE PETITIONER'S RIGHT TO DUE PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION?
¶ 10. Crowell's argument that his Fourteenth Amendment right to due process was violated is based on a claim that he did not receive any written notice of the final revocation hearing, and thus was not given reasonable opportunity to present witnesses and other evidence in his defense. To support his argument, Crowell relies on due process requirements set forth in Berdin v. State, 648 So.2d 73 (Miss.1994), overruled on other grounds by Smith v. State, 742 So.2d 1146 (Miss.1999). In Berdin our supreme court gleaned from the record that there was no preliminary hearing regarding Berdin's alleged failure to comply with her probation order, and no affidavit claiming she was in violation of her probation conditions. Id. at 77. Our supreme court held that Berdin's due process rights were violated when the trial court revoked her probation without a hearing or any notice. Id. at 80.
¶ 11. The case at bar is clearly distinguishable from Berdin. On August 24, 1998, William Lucy, Crowell's probation officer, filed a petition to revoke Crowell's probation on the basis that Crowell violated the terms and conditions of his probation by (1) Crowell pled guilty to shoplifting in Meridian Municipal Court on August 19, 1998, (2) because urine samples taken from Crowell on June 25, 1998 and July 14, 1998 tested positive for the presence of cocaine and marijuana/cocaine respectively, (3) because Crowell failed to report as directed during January, February, April, and August, 1998, and (4) because Crowell is in arrears $90 in payment of probation supervision fees. On August 26, 1998, Crowell signed a waiver of his right for a preliminary probation revocation hearing. This act was witnessed by William Lucy. When Crowell appeared to sign this waiver, the lower court signed an order setting the time and date for Crowell's revocation hearing to be held on September 15, 1998. Unlike Berdin, in Crowell's case, a petition was filed affording Crowell notice that he had violated his probation conditions. Also, Crowell waived his right to a preliminary probation revocation hearing. The facts from the records show that Crowell *751 clearly had notice and an opportunity to be heard and defend himself. The record shows that Crowell was afforded due process under the Fourteenth Amendment.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO LAUDERDALE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, MYERS, AND PAYNE, JJ., CONCUR.