BARNES, J.,
for the Court:
¶ 1. Brian Ray Mock pleaded guilty in the Prentiss County Circuit Court to several charges and was sentenced according to his plea agreement with the State. Mock later filed a motion for post-conviction relief, attacking the sentences. The circuit court denied the motion, and Mock appeals. Finding no error, we affirm the circuit court’s denial of his motion for post-conviction relief.
FACTS AND PROCEDURAL HISTORY
¶ 2. Mock was indicted on the following charges by a Prentiss County grand jury: manufacture of methamphetamine (CR08-180); two counts of false pretense (CR08-193); and two individually charged counts of false pretense (CR08-195 and CR08-197).
¶ 3. Mock entered guilty pleas in these four charges, and the sentences imposed by the circuit court were in accordance with the recommendation of the district attorney. Two other indictments, CR08-196 and CR08-198, were later retired to the file as part of the plea agreement.
¶ 4. In CR08-180, Mock was sentenced to twenty years in the custody of the Mississippi Department of Corrections (MDOC) for conspiracy to manufacture methamphetamine, with sixteen years suspended and five years’ post-release supervision. Mock was also ordered to pay a fine, court costs, and restitution. The sentence was ordered to run consecutively to a previous sentence imposed by the Pren-tiss County Circuit Court in CR98-095.
¶ 5. In CR08-193, Mock was sentenced in Count I to ten years in the custody of the MDOC, with six years suspended and ordered to pay costs and restitution. In Count II, Mock also was sentenced to ten years in the custody of the MDOC, with four years suspended and ordered to pay costs and restitution. These sentences were ordered to run concurrently with each other and with CR08-180 and CR08-197, but consecutively to CR98-095.
¶ 6. Mock was sentenced to ten years in the custody of the MDOC in CR08-195 for false pretense, with four years suspended, and ordered to pay costs and restitution. This sentence was to run concurrently with the sentences in CR08-180, CR08-193, and CR08-197, but consecutively to the sentence previously imposed in CR98-095.
¶ 7. Also, in CR08-197, false pretense, Mock was sentenced to ten years in the custody of the MDOC, with four years suspended, and ordered to pay costs and restitution. The sentence was ordered to run concurrently with CR08-180 and CR08-193 (two counts), but consecutively to CR98-095.
¶ 8. Mock’s co-defendants also pleaded guilty but received lesser sentences. Mock filed a motion for post-conviction relief, which the circuit court denied. Finding no error in the denial of his motion, we affirm.
*225 STANDARD OF REVIEW
¶ 9. The standard of review for a circuit court’s denial of a motion for post-conviction relief is clear. Crowell v. State, 801 So.2d 747, 749 (¶ 5) (Miss.Ct.App.2000). We will not reverse unless the circuit court’s decision “was clearly erroneous.” Id. (citing Kirksey v. State, 728 So.2d 565, 567 (¶8) (Miss.1999)). “However, questions of law are reviewed de novo.” Becker v. State, 49 So.2d 1157, 1158 (¶ 5) (Miss. Ct.App.2010) (citing Lambert v. State, 941 So.2d 804, 807 (¶ 14) (Miss.2006)).
DISCUSSION
¶ 10. First, although not addressed by either the circuit court or the State in its brief, we note that Mock is challenging four separate judgments in his single motion for post-conviction relief. Mississippi Code Annotated section 99-39-9(2) (Supp.2011) states that “a motion shall be limited to the assertion of a claim for relief against one (1) judgment only.” See also Hundley v. State, 803 So.2d 1225, 1229 (¶ 9) (Miss.Ct.App.2001) (Although the petitioner entered his guilty pleas in a single hearing, he was still required to “file a separate motion to attack each plea.”). Therefore, dismissal of Mock’s motion on this ground would have been proper. However, as the circuit court found no merit to the issues raised in Mock’s motion for post-conviction relief, we find that ruling on the judgments raised in a single motion caused no harm. See Bell v. State, 2 So.3d 747, 749 (¶ 5) (Miss.Ct.App.2009).
¶ 11. Mock argues his sentence was grossly disproportionate to those of his co-defendants. To support his claim, Mock cites McGilvery v. State, 497 So.2d 67 (Miss.1986), where the Mississippi Supreme Court remanded the case to allow the trial court to articulate its reason for the sentence received by the appellant while another party in the crime who had pleaded guilty was given a lesser sentence. The primary concern was whether the appellant was penalized for asserting his right to a trial by jury. However, McGil-very is not applicable to the present case since Mock pleaded guilty, as did the other defendants. Addison v. State, 957 So.2d 1039, 1041 (¶ 14) (Miss.Ct.App.2007). As stated in Wells v. State, 936 So.2d 479, 481 (¶ 7) (Miss.Ct.App.2006):
Where a defendant pleads guilty to a crime, sentencing is within the complete discretion of the trial court and not subject to appellate review if it is within the limits prescribed by statute. Further, the general rule in this state is that a sentence cannot be disturbed on appeal so long as it does not exceed the maximum term allowed by statute.
(Internal citations and quotations omitted).
¶ 12. In this case, Mock received the sentences to which he had agreed, and since the court followed the State’s recommendations for sentencing, he was fully aware of the sentences that he would receive. The sentences were also within the statutory máximums for the crimes. When determining whether a defendant’s sentence is grossly disproportionate, three factors must be considered: “(1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions.” Powell v. State, 49 So.3d 166, 174 (¶ 24) (Miss.Ct.App.2010) (citation omitted). As the circuit judge noted in his denial of the motion, Mock “has wholly failed to provide the [cjourt with other sentences imposed in this jurisdiction or in other jurisdictions as evidence of excessive or disproportionate sentence.” Furthermore, the co-defendants were not indicted on all four counts addressed in this appeal. Accordingly, we agree with the circuit judge’s findings that *226 the sentences imposed were not grossly disproportionate to the other defendants’ sentences.
¶ 13. Finding no error in the circuit court’s denial of Mock’s motion for post-conviction relief, we affirm.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF PRENTISS COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PREN-TISS COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR. MYERS, J., NOT PARTICIPATING.