LAMAR, Justice,
for the Court:.
¶ 1. In 2000, McCalpin pleaded guilty to one count of fondling and two counts of sexual battery involving a child under the age of fourteen and was sentenced to serve a term of fifteen years in the custody of the Mississippi Department of Corrections (MDOC), with ten years of his sentence suspended, and five years of post-release supervision upon his release from incarceration. In 2005, the circuit court revoked McCalpin’s post-release supervision for the first time due to his failure to reside at the residence given to his supervising officer, failure to notify his supervising officer of at least three changes of residence, and failure of a drug test for marijuana. At that time, the circuit court judge revoked McCalpin’s suspended ten-year sentence, ordering McCalpin to serve three years in the custody of the MDOC with seven years to remain suspended, conditioned upon McCalpin’s “good behavior and that he does not violate any laws upon his release from custody.”
¶ 2. After his second release from incarceration, McCalpin’s post-release supervision was revoked for a second time. Thereafter, McCalpin filed a motion for post-conviction relief (PCR) in the circuit court, which was denied. McCalpin appealed the denial of his motion for PCR, and we assigned the case to the Court of Appeals. The Court of Appeals affirmed. McCalpin petitioned this Court for writ of certiorari, which was granted by the vote of four justices of this court.
¶ 3. The following dates are relevant to McCalpin’s petition for writ of certiorari:
April 10, 2012 The Court of Appeals affirms the circuit court’s denial of McCalpin’s motion for post-conviction relief.
May 1, 2012 The Court of Appeals issues mandate.
May 10, 2012 McCalpin files his motion for rehearing.
May 22, 2012 The Court of Appeals dismisses MeCalpin’s motion for rehearing.
June 6,2012 McCalpin files his petition for writ of certiorari with this Court.
*26 ¶ 4. This Court may not review a decision of the Court of Appeals except on writ of certiorari.[1] Importantly, “[r]eview on writ of certiorari is not a matter of right, but a matter of judicial discretion.”[2] Mississippi Rule of Appellate Procedure 17(b) requires that “a party seeking review of a judgment of the Court of Appeals must first seek review of that court’s decision by filing a motion for rehearing in the Court of Appeals.”[3] Certiorari is to be considered “only after the petitioner has sought review of the Court of Appeals decision by way of a petition for rehearing in that court, filed within fourteen days of entry of its judgment, unless additional time is allowed.”[4] Furthermore, a party’s timely motion for rehearing in the Court of Appeals is a “prerequisite for certiorari review by this Court. To hold otherwise would be to deny finality to the Court of Appeals decisions....”[5]
¶ 5. McCalpin did not comply with our rules of appellate procedure in seeking rehearing before the Court of Appeals. Mississippi Rule of Appellate Procedure 40(a) states that “a motion for rehearing may be filed within 14 days after a decision is handed down by the ... Court of Appeals.”[6] The decision of the Court of Appeals was entered on April 10, 2012. The mandate issued on May 1, 2012. McCalpin failed to file his motion for rehearing until May 10, 2012, approximately thirty days after the judgment of the Court of Appeals was entered, and nine days after the mandate issued. Appropriately, the Court of Appeals dismissed his motion for rehearing.
¶ 6. The Court of Appeals correctly dismissed McCalpin’s motion for rehearing, filed more than two weeks past the deadline, because it was untimely. Because McCalpin failed properly and timely to seek review of the Court of Appeals decision, we will not consider his petition for writ of certiorari, as he failed to fulfill the necessary prerequisites. As this Court has recognized, “[t]o hold otherwise would be to deny finality to the Court of Appeals decisions.” [7] This is especially true in this case, as the mandate for the Court of Appeals decision issued more than eight months ago. Although Rule 2(c) allows this Court to suspend any of our rules of appellate procedure “[i]n the interest of expediting decision, or for other good cause shown ...,”[8] McCalpin does not recognize that his petition was untimely or argue that there is good cause to suspend our rules. With all due respect for our fellow Justices, we disagree with the dissent and we find that a good cause does not exist to suspend our rules in this case and decline to do so.
¶ 7. Alternatively, if McCalpin’s petition was not procedurally barred, we would deny it and affirm the circuit court judgment for the several reasons set forth by the Court of Appeals. A probationer does not have to be convicted of a crime to be in violation of his probation but, rather, probation may be revoked when it is more *27 likely than not that a violation has occurred.[9] A thorough review of the record and of the circuit court’s conclusion that McCalpin willfully and maliciously harassed a sixteen-year-old girl convinces us that McCalpin more likely than not violated the terms of his probation. Therefore, we would find that the circuit court did not err in denying McCalpin’s motion for post-conviction relief.
¶ 8. For the foregoing reasons, we dismiss the writ of certiorari.
¶ 9. DISMISSED.
WALLER, C.J., RANDOLPH, P.J., PIERCE AND COLEMAN, JJ., CONCUR. KING, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY DICKINSON, P.J., KITCHENS AND CHANDLER, JJ.

. Miss. R.App. P. 17(a).

. Id.

. Miss. R.App. P. 17(b).

. Harris v. State, 704 So.2d 1286, 1288 (Miss.1997), abrogated by Jackson v. State, 732 So.2d 187 (Miss.1999) (emphasis added). See also Miss. R.App. P. 40.

. Harris, 704 So.2d at 1288.

. Miss. R.App. P. 40(a).

. Harris, 704 So.2d at 1288.

. Miss. R.App. P. 2(c).

. Berdin v. State, 648 So.2d 73, 79 (Miss.1994), overruled on other grounds by Smith v. State, 742 So.2d 1146 (Miss.1999). See also Diss. Op. at ¶ 11.