CARLTON, J.,
for the Court:
¶ 1. Warren Douglas Friday filed a post-conviction-relief (PCR) motion in the trial court, claiming his post-release supervision (PRS) was improperly revoked. He argued that he was denied due process at his revocation hearing and that the trial court lacked a sufficient basis to revoke his PRS. The trial court summarily dismissed the motion, finding that Friday received a proper revocation hearing and that Friday’s aggravated-assault guilty plea and his domestic-violence conviction while on PRS provided sufficient grounds for revocation. We affirm.
¶ 2. On appeal, Friday also raises arguments challenging the validity of his aggravated-assault guilty plea. We will not address these arguments, as they are not properly before this Court in this appeal.
FACTS
¶ 3. On September 5, 2003, Friday pled guilty in the Lowndes County Circuit Court to two counts of felony auto theft. On Count I, he was sentenced to three years, followed by two years of PRS. On Count II, he was sentenced to two years, followed by three years of PRS. The sentences were ordered to run consecutively in the custody of the Mississippi Department of Corrections (MDOC), for a total of five years of incarceration and five years of PRS. One condition of Friday’s PRS was that he “commit no offense against the laws of this or any other state.... ” In 2009, while on PRS, Friday committed domestic violence and aggravated assault. Based on Friday’s violations of the terms of his release, Friday’s PRS was revoked on November 20, 2009, and he was ordered to serve the five-year revoked sentence in the custody of the MDOC. The revoked sentence was ordered to run consecutively to any other imposed sentences.
114. On May 7, 2012, Friday filed a PCR motion in the Lowndes County Circuit Court, arguing the following: (1) he did not receive a proper revocation hearing; (2) his guilty plea to aggravated assault was invalid because he did not “willfully” commit the crime; and (3) his guilty plea was not knowing and voluntary. The trial court addressed Friday’s arguments in two separate orders since the first argument challenged a different criminal cause number. The first order, entered on September 24, 2012, addressed Friday’s arguments regarding the revocation of his PRS from the auto-theft convictions (Cause Number 2001-0762-CR1). The second or *20 der, entered on September 28, 2012, addressed Friday’s arguments regarding his competency at the time he committed and pled guilty to aggravated assault (Cause Number 2009-0108-CR1). Both orders summarily dismissed Friday’s PCR motion. Friday now appeals.
STANDARD OF REVIEW
¶ 5. “A trial court’s dismissal of a motion for post-conviction relief will not be reversed absent a finding that the trial court’s decision was clearly erroneous.” Means v. State, 43 So.3d 438, 441 (¶ 6) (Miss.2010). Issues of law are reviewed de novo. Id.
¶ 6. Mississippi Code Annotated section 99-39-11(2) (Supp.2013) provides that a PCR motion may be dismissed “[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief[.]” “[D]ismissal of a PCR motion is proper where ‘it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.’ ” State v. Santiago, 773 So.2d 921, 923-24 (¶ 11) (Miss.2000) (quoting Turner v. State, 590 So.2d 871, 874 (Miss.1991)).
DISCUSSION
I. Jurisdiction
¶ 7. Before discussing the merits of Friday’s appeal, we must address this Court’s jurisdiction over the arguments raised on appeal.
¶ 8. Friday filed one PCR motion in the trial court challenging two different judgments: (1) the judgment revoking his PRS in Cause Number 2001-0762-CR1 (the auto-theft convictions); and (2) the judgment of conviction for aggravated assault in Cause Number 2009-0108-CR1. In response to Friday’s motion challenging the two different judgments, the trial court entered two separate orders dismissing Friday’s motion — one dated September 24, 2012, and the other dated September 28, 2012. When Friday noticed his appeal to the Mississippi Supreme Court, he only referenced the September 24, 2012 order. In his notice of appeal, Friday specifically states that he seeks to challenge his “unlawful and unconstitutional revocation,” citing Cause Number 2004-0070-CV1. This cause number references the civil post-conviction matter challenging the sentence revocation in criminal Cause Number 2001-0762-CR1 — the auto-theft convictions. Because this is the only order appealed, our decision and analysis will be limited to Friday’s due-process arguments concerning the revocation of his PRS. We will not address Friday’s arguments regarding the legality of his judgment of conviction for aggravated assault since he failed to appeal the trial court’s order dismissing his PCR claim regarding that judgment.[1]
*21 II. Sentence Revocation
¶ 9. Friday argues that the revocation of his PRS was illegal for several reasons. First, he argues he received no prompt probable-cause hearing after his arrest. Second, he argues he was not given both a preliminary and final revocation hearing. Third, he argues that the trial court denied him due process because he was not given notice of the hearing and was not allowed to present evidence at the hearing.
¶ 10. Friday argues his due-process right to a prompt hearing was violated because he was incarcerated for approximately 336 days between his arrest on December 18, 2008, and his hearing on November 20, 2009. In Morrissey v. Brewer, 408 U.S. 471, 485, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), the United States Supreme Court held that once a suspect is detained for violating the terms of his or her release, a “minimal inquiry” must be conducted “as promptly as convenient after arrest while information is fresh and sources are available.” See also Riely v. State, 562 So.2d 1206, 1210 (Miss.1990). The purpose of this prompt inquiry is to “determine whether there is probable cause to hold the defendant for the final decision regarding revocation!)]” Id. (citation and internal quotation marks omitted). Here, no probable-cause hearing was necessary to hold Friday.
¶ 11. Friday was not incarcerated simply pending a decision on the revocation of his PRS. Rather, he was incarcerated on other charges for which he was later convicted. On March 4, 2009, Friday was found guilty of domestic violence; he received credit for time served. On September 3, 2009, he pled guilty to aggravated assault and was sentenced to twelve years. Because Friday was incarcerated on other grounds that later served to revoke his PRS, the delay in holding a hearing was harmless error. See Presley v. State, 48 So.3d 526, 530 (¶ 14) (Miss.2010). As the supreme court held in Presley:
Under harmless error analysis, the failure to provide [the defendant] with an immediate informal “probable cause” hearing shortly after the State began proceedings to revoke his probation -will not be seen to render ineffective the subsequent formal proceeding at which [the defendant] was afforded all the due process protections required under Mor-rissey unless there is some showing of prejudice to [the defendant] arising out of the failure to conduct the hearing— that prejudice necessarily extending beyond the issue of the State’s right to continue his confinement in the interim.
Id. at (¶ 13) (quoting Rusche v. State, 813 So.2d 787, 790-91 (¶13) (Miss.Ct.App.2002)).
¶ 12. In addressing Friday’s claims, we acknowledge that Friday has not argued that he was prejudiced by the delay of his revocation hearing. Because Friday was incarcerated on other charges, he cannot show he was illegally imprisoned because *22 of the delay.[2] Also, Friday’s later conviction of the crimes charged served as a sufficient basis in support of the revocation. See Morrissey, 408 U.S. at 485, 92 S.Ct. 2593. The delay resulted in no prejudice since no fact witnesses or other evidence was necessary. Friday’s conviction and guilty plea constituted sufficient grounds for revocation. This issue is without merit.
¶ 13. Next, Friday argues he was denied the right to two separate revocation hearings. We first note that “a defendant is procedurally barred from arguing that he was denied the right to a preliminary hearing where the defendant failed to raise the issue at his formal revocation hearing.” Presley, 48 So.3d at 528 (¶ 9) (citation omitted). Friday did not raise this issue at his formal revocation hearing, and therefore, this issue is waived. Notwithstanding the procedural bar, Friday’s argument is without merit. Friday is correct that he was “entitled to both a preliminary and final revocation hearing” before his PRS was revoked. Riely, 562 So.2d at 1210. However, the failure to hold separate hearings is not necessarily reversible error. Presley, 48 So.3d at 530 (¶ 14). Rather, Friday must show that prejudice resulted from the failure to hold a separate preliminary hearing. See id. If no prejudice is found and a formal proceeding was held in compliance with Morrissey, then the failure to hold a preliminary hearing is harmless error. Id. The minimum due-process requirements for a formal parole-revocation hearing as set out by Morrissey are:
(a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a “neutral and detached” hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.
Morrissey, 408 U.S. at 489, 92 S.Ct. 2593. See also Gagnon v. Scarpelli, 411 U.S. 778, 786, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) (applying the Morrissey factors to the revocation of probation); Riely, 562 So.2d at 1210.
¶ 14. The procedures associated with the revocation of parole or probation also apply to the revocation of PRS. Miss.Code Ann. § 47-7-37 (Rev.2011). Friday received written notice of the violations of his PRS, and the State disclosed the evidence against him. The conviction and guilty plea clearly put him on notice of the violations. Friday signed his guilty-plea petition under oath, and the petition stated the following: “I am presently on probation or parole. I understand that ... pleading guilty in this case may cause revocation of my probation or parole, and that this could result in a sentence of 5 years in that case.” Additionally, Friday was present at the revocation hearing and was represented by counsel. During the hearing, Friday’s attorney informed the trial court that Friday had been convicted of both charges listed in the revocation petition. Friday was then asked by the assistant district attorney, “Do you wish to admit that you’ve violated the terms of your post-release by violating the laws of this state?” Friday replied, “Yes, ma’am.” Evidence of the convictions was admitted into the record at the revocation hearing. The tri *23 al court found that the evidence was sufficient to revoke Friday’s PRS. We find that the trial court provided Friday with the minimum due-process protections required by Morrissey, 408 U.S. at 489, 92 S.Ct. 2593. Further, Friday failed to show that he was prejudiced by the failure to hold a separate preliminary hearing. Thus, the error was harmless. See Presley, 48 So.3d at 530 (¶ 15). This issue is without merit.
¶ 15. Third, Friday argues his revocation hearing was unconstitutional because he received no notice of the hearing and was not allowed to present evidence. Friday’s argument that he received no notice is without merit. The record reflects that Friday was given notice of the hearing. In addition, he was present at the hearing and represented by counsel. Friday’s argument that he was denied the right to present evidence is also without merit. In support of this claim, Friday argues he was denied the opportunity to present his defense that he did not “willfully” commit or plead guilty to aggravated assault. Friday argues that when he committed and pled guilty to aggravated assault he suffered from depression and bipolar disorder and was heavily medicated. In turn, Friday argues that his aggravated-assault plea was invalid and thus provides an insufficient basis for his subsequent revocation. Friday’s argument challenges the merits of the underlying crime used to revoke his PRS, not the PRS revocation itself. Friday must raise any challenge to his underlying aggravated-assault conviction separately from the appeal before us now of the trial court’s dismissal of his PCR claims pertaining to the revocation of his PRS. The evidence presented of his prior conviction and guilty plea constituted reasonable grounds for the trial court to revoke his PRS. The trial court stated that Friday “clearly had notice of these charges and convictions and was given a hearing at which he could have spoken on his own behalf or called witnesses in his defense.” Friday failed to exercise those rights. This issue is without merit.
¶ 16. As stated, Friday’s argument regarding his competency at the time he committed and pled guilty to aggravated assault is not properly before this Court in this appeal. However, we note that even absent the aggravated-assault plea, the trial court possessed an independent basis to revoke Friday’s PRS. In addition to committing aggravated assault while on PRS, Friday also committed domestic violence while on PRS. He was found guilty of the domestic-violence charge in the Lowndes County Justice Court. Friday raises no dispute as to this charge.
¶ 17. As a condition of his PRS, Friday agreed to “commit no offense against the laws of this or any other state....” (Emphasis added). Therefore, the sentencing order placed Friday on notice that one crime alone was sufficient to revoke his PRS. Further, Friday stated at his revocation hearing that he understood his PRS was revoked because of both the domestic-violence and aggravated-assault convictions. Moreover, as noted, he admitted to the violations. Thus, regardless of any challenge to his conviction for aggravated assault, the trial court possessed a sufficient evidentiary basis to revoke Friday’s PRS.[3] We find no error in the trial court’s revocation of Friday’s PRS and affirm the *24 trial court’s dismissal of Friday’s claims of error set forth in his PCR motion.[4]
¶ 18. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. By statute, PCR motions are "limited to the assertion of a claim for relief against one (1) judgment only.” Miss.Code Ann. § 99-39-9(2) (Supp.2013). Dismissal of Friday’s motion on this ground by the trial court would have been proper. See Mock v. State, 76 So.3d 223, 225 (¶ 10) (Miss.Ct.App.2011). However, we find no harm was caused since the trial court dismissed the motion as being without merit. Id. (citing Bell v. State, 2 So.3d 747, 749 (¶ 5) (Miss.Ct.App.2009)).
Even were we to address Friday’s arguments regarding the aggravated-assault conviction, they would be without merit. Friday argues the trial court should have conducted a competency hearing because of his history of prescription-drug use and mental-health issues. Friday also argues his attorney was ineffective for failing to notify the trial court of these issues. No question was raised regarding Friday’s competency at his guilty-plea hearing, and the judge found no reason to doubt his competency. Friday stated he un *21 derstood the charges against him; he admitted his guilt; and he stated he was not currently undergoing mental treatment. Friday’s attorney stated he knew of no reason why the trial court should not accept Friday’s guilty plea. Friday raised the issue of his prescription-drug use and mental-health issues for the first time at his sentencing hearing. Friday explained that after having a nervous breakdown, he was prescribed eight to ten different "psych medications,” and that some of the medications conflicted, causing negative side effects. The trial court addressed Friday’s concerns and found them to be meritless. The trial court noted that it had no reasonable ground to believe that Friday was incompetent to stand trial; thus, no competency hearing was warranted. See URCCC 9.06. The trial court also found Friday’s plea was voluntarily and intelligently made. See URCCC 8.04.

. See Presley, 48 So.3d at 529-30 (¶¶ 13-14).

. See Reese v. State, 21 So.3d 625, 628 (¶ 12) (Miss.Ct.App.2008) (“[T]he evidence was sufficient to enable the circuit court to find that [the defendant] more likely than not violated the terms and conditions of his [PRS] by failing to live at liberty without violating any laws_[The defendant] gave sworn testimony admitting to the alleged violations contained in the State’s petition for revocation[J”).

. See Means, 43 So.3d at 441 (¶ 6) (citing the standard of review for the dismissal of a motion for PCR); see also Williams v. State, 4 So.3d 388, 393 (¶ 15) (Miss.Ct.App.2009) (finding no error in the revocation of the defendant's suspended-sentence term where he admitted to violating the terms of his PRS).