# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-00511-COA

**LARSON WRIGHT**                                                                       **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                                 **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/11/2016 |
| TRIAL JUDGE: | HON. SMITH MURPHEY |
| COURT FROM WHICH APPEALED: | TALLAHATCHIE COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | LARSON WRIGHT (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DENIED MOTION FOR POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 06/20/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE GRIFFIS, P.J., CARLTON AND GREENLEE, JJ.

### GREENLEE, J., FOR THE COURT:

¶1. Larson Wright's probation was revoked after he was charged with possession of a firearm by a convicted felon and aggravated assault while on post-release supervision (PRS). Wright filed a motion for post-conviction relief (PCR) in the trial court arguing that his probation was unlawfully revoked. His motion was denied and he appeals to this Court. Finding no error, we affirm.

### FACTS AND PROCEEDINGS BELOW

¶2.     In 2008, Wright entered into an *Alford*[1] plea of guilty to the crime of armed robbery.

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).

He was sentenced to serve three years followed by ten years of PRS with the first five years reporting. In November 2012, the State filed a petition to revoke Wright's PRS sentence following Wright's arrest for felon in possession and aggravated assault. The trial court held two revocation hearings. At the first hearing, the court heard the testimony of an officer who heard shots, followed Wright, pulled him over, and discovered a gun smelling of gunpowder in his glove box. Wright also testified, asserting that the gun belonged to his girlfriend. Following Wright's assertions that he was having difficulty getting his witnesses to attend the hearing, the court granted a continuance for Wright to produce additional witnesses and purported exculpatory evidence. Wright hired counsel and obtained as a witness the alleged victim. At the second hearing, the victim testified that Wright did shoot at him, but that the two were "cool" and he was considering dropping the charges to "help [Wright] out." The court revoked all ten years of Wright's PRS. In 2016, Wright filed a motion in the trial court arguing that the revocation was illegal. The trial court denied the motion in a detailed order. Wright appeals.

**DISCUSSION**

¶3.    When reviewing a trial court's denial of a PCR motion, we will reverse the judgment only if the court's factual findings are clearly erroneous; however, we will review legal conclusions de novo. *Boyd v. State*, 65 So. 3d 358, 360 (¶10) (Miss. Ct. App. 2011).

¶4.    On appeal, Wright essentially argues that the revocation of his PRS operates as a sentence for a crime he has not yet been convicted of—that is, a sentence for the alleged crimes he was arrested for that triggered the revocation of his PRS. This is an inaccurate

assertion. Wright is currently serving the sentence he received in 2008 when he pled guilty to armed robbery. Revocation of probation does not require that the individual be convicted of the alleged criminal activities that triggered the revocation; rather, the standard is whether it is more likely than not that the violation of the conditions and terms of PRS occurred. *McCalpin v. State*, 166 So. 3d 24, 26-27 (¶7) (Miss. 2013).

¶5.     Here, the trial court heard the testimony of the victim that Wright had a gun and shot at him, as well as the testimony of the officer who heard the shots and shortly thereafter discovered Wright with a gun smelling of gunpowder in his car. This evidence was sufficient to satisfy the "more likely than not" standard of proof.

## CONCLUSION

¶6.     The trial court did not err in rejecting Wright's argument that his probation was unlawfully revoked. Wright is not serving a sentence for a crime he was not convicted of, and sufficient evidence was presented for the trial court to determine that it was more likely than not that Wright violated the terms of his PRS.

¶7.     **THE JUDGMENT OF THE TALLAHATCHIE COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT, DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO TALLAHATCHIE COUNTY.**

        **LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, WILSON AND WESTBROOKS, JJ., CONCUR.**