# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CP-01338-COA

**ANDREW JAMISON A/K/A ANDREW L. JAMISON**      **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**      **APPELLEE**

DATE OF JUDGMENT: 11/20/2020
TRIAL JUDGE: HON. SMITH MURPHEY
COURT FROM WHICH APPEALED: DESOTO COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT: ANDREW JAMISON (PRO SE)
ATTORNEY FOR APPELLEE: OFFICE OF THE ATTORNEY GENERAL
BY: LAUREN GABRIELLE CANTRELL
NATURE OF THE CASE: CIVIL - POST-CONVICTION RELIEF
DISPOSITION: AFFIRMED - 02/01/2022
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE BARNES, C.J., GREENLEE AND SMITH, JJ.**

**BARNES, C.J., FOR THE COURT:**

¶1. Andrew Jamison, appearing pro se, appeals the summary dismissal of his petition for post-conviction relief (PCR), in which he argued that revocation of his post-release supervision and recommitment to incarceration was improper and that issues regarding his initial conviction of attempted armed robbery mandated reversal of that conviction. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. In January 2005, a DeSoto County grand jury indicted Jamison for one count of attempted armed robbery of a Holiday Inn Express in Southaven, Mississippi, and one count

of possession of a stolen firearm. After a two-day trial, a jury found Jamison guilty of both counts. On January 18, 2006, the circuit court sentenced Jamison to ten years for the attempted robbery conviction, with three years to serve and seven years of post-release supervision, and five years to serve consecutively for possession of a stolen firearm, all in the custody of the Mississippi Department of Corrections (MDOC).

¶3. Jamison did not attempt to appeal his conviction until approximately ten months after trial, when on September 11, 2006, he filed in the Mississippi Supreme Court a pro se notice of appeal with a motion for an out-of-time appeal. The supreme court remanded Jamison's request to the DeSoto County Circuit Court. On November 30, 2006, the circuit court denied Jamison's request, finding that he failed to show his appeal was not timely perfected through no fault of his own. The circuit court noted Jamison failed to submit any affidavits or other evidence in support of his motion. In his motion, Jamison stated that at his sentencing hearing in January 2006 his defense counsel had informed the judge that he was going to assist Jamison in his appeal. However, a copy of this transcript is in the record, and as the circuit court noted, Jamison's counsel had made no such statement. In fact, the judge informed Jamison that he had a right to appeal and that his trial counsel was not responsible for his appeal unless they agreed to the contrary. The judge also informed Jamison that he could hire an attorney or make a proper application for a public defender, but Jamison did neither. Jamison did not appeal the denial of his request for an out-of-time appeal.[1]

---

[1] About two years later, Jamison filed a motion for "Judicial Review" with the Mississippi Supreme Court. In April 2009, the supreme court dismissed Jamison's motion, finding it was procedurally barred as a successive motion.

¶4.    In June 2012, while on post-release supervision, Jamison was arrested for burglary of a check-cashing business in Shelby County, Tennessee, and a firearm was found in his possession. A federal grand jury indicted Jamison for being a felon in possession of a firearm, and the burglary charge was abandoned.[2] A warrant was issued for Jamison's arrest, and ultimately he was sentenced to approximately seven years for the federal crimes. In August 2013, a field officer filed an MDOC affidavit in the DeSoto County Circuit Court requesting revocation of Jamison's post-release supervision ordered in January 2006 due to the check-cashing crime.

¶5.    While in federal custody, in March 2016 Jamison filed in the Mississippi Supreme Court a motion entitled "Appeal from Circuit Court Order," seeking permission to file a PCR motion in the circuit court. He claimed he had "newly discovered evidence" demonstrating his "actual innocence." The supreme court denied his motion, treating it as one for post-conviction relief and finding the motion was barred by the three-year statute of limitations.

¶6.    After Jamison's release from federal custody in 2019, he was served with an outstanding DeSoto County warrant and extradited to Mississippi. On August 13, 2019, Jamison personally appeared before the circuit court, represented by counsel, for a revocation hearing. Jamison admitted to violating the terms of his post-release supervision by possessing the firearm that formed the basis for his federal charges. The circuit court thus

---

[2] Jamison was ultimately convicted of being a felon in possession of ammunition and attempted robbery affecting commerce. *Jamison v. King*, No. 3:20-CV20-SA-JMV, 2020 WL 3490060, at *2 (N.D. Miss. June 26, 2020).

3

revoked his remaining two years of post-release supervision and recommitted him in the custody of the MDOC.

¶7. In October 2019, Jamison again requested permission from the Mississippi Supreme Court to file a PCR motion. The supreme court dismissed the motion without prejudice to being pursued in the circuit court, citing Mississippi Code Annotated section 99-39-7 (Rev. 2015), which provides that PCR motions shall be filed in the circuit court unless the petitioner's conviction and sentence have been appealed to the supreme court and affirmed or dismissed. The court noted that Jamison had unsuccessfully petitioned the circuit court and supreme court for an out-of-time appeal, and thus he had never appealed his conviction or sentence. Therefore, he could pursue his PCR claims in the circuit court without seeking the supreme court's permission.

¶8. Accordingly, Jamison filed with the circuit court the PCR motion leading to this appeal, as well as various related documents, contending unlawful revocation of his post-release supervision and recommitment, ineffective assistance of counsel for failure to file a direct appeal,[3] and insufficient evidence for his 2005 attempted armed-robbery conviction. On November 20, 2020, in a detailed eight-page order, the circuit court dismissed Jamison's PCR motion, finding his claims were without merit.

**STANDARD OF REVIEW**

¶9. In reviewing the trial court's denial or dismissal of a PCR motion, the appellate court will reverse the judgment only if the "factual findings are clearly erroneous." *Berry v. State*,

---

[3] Jamison's defense counsel passed away in 2018.

4

230 So. 3d 360, 362 (¶3) (Miss. Ct. App. 2017) (internal quotation mark omitted). Questions of law, however, are reviewed de novo. *Id.*

## ANALYSIS

¶10. We shall begin with a discussion of the issue properly before this Court—revocation of Jamison's post-release supervision—and then discuss the issues regarding his initial conviction and denial of his request to file an out-of-time appeal.

### I. Revocation of Post-Release Supervision

¶11. Jamison claims his post-release supervision was improperly revoked. He contends the August 2013 MDOC affidavit filed by a field officer in the circuit court was a "sham." The affidavit stated that Jamison violated two conditions of his post-release supervision (laws and firearms)[4]: (1) on June 23, 2012, Jamison was found at Top Dollar Check Advance in Shelby County, Tennessee, with a Colt .32 revolver in his backpack; and (2) on November 29, 2012, a federal indictment formally charged Jamison with possession of a firearm by a felon, and he was taken into custody on December 4, 2012. Jamison claims that the burglary charge and the federal firearm charge were dismissed in September 2013; therefore, there was no factual basis for the revocation. Jamison also argues he was not afforded due process during his revocation proceedings because the circuit court failed to conduct a preliminary hearing within seventy-two hours of his arrest.

¶12. "Under Mississippi law, probation may be revoked upon a showing that the defendant

---

[4] The affidavit contended Jamison violated, respectively, post-release supervision conditions (1) ("Defendant shall hereafter commit no offense against the laws of this or any state of the United States, or of the United States.") and (10) ("[Defendant shall] [n]ot own or carry with him/her any weapons.").

more likely than not violated the terms of probation." *Gray v. State*, 269 So. 3d 331, 337 (¶21) (Miss. Ct. App. 2018) (quoting *Smith v. State*, 196 So. 3d 986, 996 (¶31) (Miss. Ct. App. 2015)). However, the "mere arrest of a probationer is not a violation of probation." *Brown v. State*, 864 So. 2d 1058, 1060 (¶9) (Miss. Ct. App. 2004) (citing *Moore v. State*, 587 So. 2d 1193, 1194 (Miss. 1991)).

¶13. At the revocation hearing, the State explained it could show Jamison was arrested in June 2012 for possession of a Colt .32 revolver in Shelby County at a check advance business and subsequently pleaded guilty to the charge. Jamison responded by admitting that he was in possession of the firearm as alleged by the State and that he understood the events that caused his post-release supervision to be revoked. Further, Jamison denied there was anything presented by the State that he would dispute or that needed clarification.

¶14. Jamison now argues that the basis of the MDOC's affidavit is invalid, and thus his post-release supervision was improperly revoked. He accurately claims the November 29, 2012 indictment and December 4, 2012 arrest were based upon the June 23, 2012 check-cashing crime, but now he contends Shelby County's burglary-of-a-building charge and the federal possession-of-a-firearm charge were both dismissed.[5] Moreover, he states that he did not plead guilty to the federal indictment charge, as stated in the revocation transcript,

---

[5] An MDOC violation report form dated July 11, 2013, attached to the MDOC affidavit details the charges resulting from the June 23, 2012 check-cashing crime. Jamison was initially arrested and charged with burglary and possession of a firearm by a felon. On September 18, 2012, the burglary charge was abandoned by writ of nolle prosequi. On November 29, 2012, Jamison was indicted by a federal grand jury for possession of a firearm by a felon. A superseding indictment was subsequently entered charging Jamison with two counts: possession of a firearm by a felon and attempt to obstruct commerce by robbery.

but "was found guilty by [a] jury on the federal indictment."

¶15. Jamison is correct that the state burglary charge was abandoned. However, the revocation was not based upon the burglary charge. The revocation was based upon his being a felon in possession of a firearm. While it appears Jamison was ultimately convicted by a jury of being a felon in possession of ammunition and not a firearm, Jamison never corrected the State at the revocation hearing after being afforded every opportunity by the circuit court to respond otherwise. Further, possession of a firearm in and of itself was a violation of condition number 10 of his post-release supervision, regardless of whether he was ultimately convicted of this charge. "A probationer does not have to be convicted of a crime to be in violation of his probation but, rather, probation may be revoked when it is more likely than not that a violation has occurred." *McCalpin v. State*, 166 So. 3d 24, 26-27 (¶7) (Miss. 2013). Therefore, as the circuit court noted, the ultimate disposition of new criminal charges that form the basis of revocation is immaterial.

¶16. At the revocation hearing, Jamison admitted under oath to possessing a firearm on June 23, 2012, which formed the basis of his federal charges. He also admitted to understanding the terms of his post-release supervision. Jamison was ultimately convicted of two crimes stemming from that date and was sentenced to serve nearly seven years in federal prison. Accordingly, the circuit court had a sufficient basis to revoke his post-release supervision.

¶17. Additionally, Jamison argues that his right to due process was violated because he was denied a preliminary revocation hearing under Mississippi Code Annotated section 47-

7

7-37(3) (Supp. 2018). This statute provides that within seventy-two hours of an offender's arrest for an alleged probation violation, an informal preliminary hearing must be held to determine "whether there is reasonable cause to believe the person has violated a condition of probation." *Id.* The circuit court found the issue procedurally barred under Mississippi Code Annotated section 99-39-21(1) (Rev. 2015) because Jamison failed to raise the issue prior to the final revocation hearing. *See Jones v. State*, 270 So. 3d 1055, 1058-59 (¶11) (Miss. Ct. App. 2018) (Defendant "failed to raise this issue at his revocation hearing; thus, the issue regarding a lack of a preliminary revocation hearing was waived."). We agree.

¶18. Despite the procedural bar, Jamison's argument is without merit. While a probationer is constitutionally "entitled to both a preliminary and final revocation hearing" before revocation of post-release supervision, "the failure to hold separate hearings is not necessarily reversible error." *Friday v. State*, 141 So. 3d 18, 22 (¶13) (Miss. Ct. App. 2014) (quoting *Riely v. State*, 562 So. 2d 1206, 1210 (Miss. 1990); *Presley v. State*, 48 So. 3d 526, 530 (¶14) (Miss. 2010)). The probationer "must show that prejudice resulted from the failure to hold a separate preliminary [revocation] hearing." *Id.* at 22 (¶13) (citing *Presley*, 48 So. 3d at 530 (¶14)). If no prejudice is found, and a formal revocation hearing was held that met the minimum due-process requirements,[6] then the failure to hold a preliminary

---

[6] The minimum due-process requirements for a final revocation hearing are:

(a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional

8

hearing is harmless error. *Jones*, 270 So. 3d at 1059 (¶11) (quoting *Friday*, 141 So. 3d at 22 (¶13)).

¶19. Jamison fails to show any prejudice resulted from the failure to hold a preliminary hearing, and the transcript shows all minimum due-process requirements were met. The circuit court's order states Jamison was served with written notice of the claimed violations and evidence five days prior to the August 2019 hearing. At the hearing, the State presented the evidence against him, and Jamison had the opportunity to challenge this evidence but did not. In fact, Jamison specifically stated he was waiving his rights to contest the violations under Mississippi Rule of Criminal Procedure 27.3(e) and voluntarily stipulating to the violations. Finally, the circuit court judge who presided over the hearing entered an order describing the reasons for the revocation. All due process safeguards were given to Jamison at his revocation hearing, and Jamison was not prejudiced; therefore, the lack of a preliminary revocation hearing was harmless.

## II. Ineffective Assistance of Counsel

¶20. Jamison claims his retained trial counsel was ineffective for failing to appeal his 2005 conviction. The State contends that not only is his claim without merit, but it is procedurally barred as untimely and successive, as held by the circuit court. However, certain errors affecting fundamental rights are excepted from the procedural bars of post-conviction relief.

---

parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole.

*Riely*, 562 So. 2d at 1210.

*Rowland v. State*, 42 So. 3d 503, 507 (¶12) (Miss. 2010). A claim of ineffective assistance of counsel may be excepted from procedural bar, but only in exceptional or extraordinary circumstances. *McDonald v. State*, 307 So. 3d 497, 500 (¶7) (Miss. Ct. App. 2020) (citing *Conley v. State*, No. 2011-M-01006, 2020 WL 949240, at *1 (Miss. Feb. 26, 2020) (order)); *Chapman v. State*, 167 So. 3d 1170, 1174 (¶12) (Miss. 2015). Yet "the mere assertion of a constitutional right violation does not trigger the exception." *Wilson v. State*, 294 So. 3d 101, 104 (¶8) (Miss. Ct. App. 2020) (quoting *Evans v. State*, 115 So. 3d 879, 881 (¶3) (Miss. Ct. App. 2013)).

¶21. To succeed on the merits of an ineffective-assistance-of-counsel claim, the defendant must prove (1) "counsel's performance was deficient," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Lovett v. State*, 270 So. 3d 133, 135 (¶5) (Miss. Ct. App. 2018) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "[T]here is a strong rebuttable presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Wash v. State*, 218 So. 3d 764, 767 (¶6) (Miss. Ct. App. 2017) (internal quotation mark omitted).

¶22. Jamison claims he was "abandoned" by his trial counsel after sentencing, which resulted in his direct appeal not being filed.[7] Jamison contends that at the January 2006 sentencing hearing, his counsel stated he was going to file his appeal, but the transcript

---

[7] Jamison also made these arguments in his motion for an out-of-time appeal, which the circuit court denied.

10

belies this assertion. Instead, defense counsel asked the judge under *Osborn v. State*[8] to

advise Jamison of his appeal rights (specifically, that he had thirty days from the entry of the

sentencing order to file his appeal). The circuit court judge did so, and Jamison

acknowledged the right. Then the following exchange occurred:

> [THE COURT]: I don't know what your understanding is with [defense counsel], but do you understand that as a general rule that's not [defense counsel]'s obligation unless y'all have agreed to the contrary? Do you understand that?
>
> [DEFENDANT]: Yes, sir.
>
> [THE COURT]: That means you need to hire your own lawyer to file an appeal if you wish to appeal, or if you cannot afford a lawyer, you need to make the proper application for a public defender. Do you understand that?
>
> [DEFENDANT]: Yes, sir.
>
> [THE COURT]: Do you have any questions in that regard?
>
> [DEFENDANT]: No, sir.

The above colloquy shows there is no merit to Jamison's argument that he was "abandoned"

by his defense counsel; there is no indication his counsel agreed to file his appeal or that

Jamison asked his attorney to file an appeal. *See Howard v. State*, 785 So. 2d 297, 300 (¶7)

(Miss. Ct. App. 2001) (The defendant's deficiency-of-counsel argument failed when there

was no evidence to support the conclusion that the defense counsel had contracted and

---

[8] In *Osborn v. State*, 695 So. 2d 570, 573 (Miss. 1997), the Mississippi Supreme Court quoted *Wright v. State*, 577 So. 2d 387, 390 (Miss. 1991), urging "trial courts to advise criminal defendants of their rights concerning appeal on the record at the time of sentencing and to solicit a decision in that regard." However, the supreme court found in *Osborn*'s case that the trial court's failure to elicit a decision from the defendant was not reversible error. *Id.*

obligated himself to pursue the defendant's appeal.). Jamison provides no evidence to show his counsel's performance was deficient. Moreover, one year later, the circuit court denied Jamison's motion to file an out-of-time appeal, where he made the same arguments regarding his trial counsel. The circuit court found he failed to show he was denied his right to appeal through no fault of his own. Further, Jamison could have appealed this determination but did not. Accordingly, his ineffective-assistance-of-counsel claim is without merit, as is his assertion that he is entitled to out-of-time appeal.

### III. Procedural Bars

¶23. The circuit court noted that Jamison's arguments related to his original conviction and sentence were separate from the revocation issue and found them procedurally barred from consideration as both time-barred and successive. A defendant must file a PCR motion within three years after the judgment of conviction is entered. Miss. Code Ann. § 99-39-5(2) (Rev. 2015). Additionally, any order denying or dismissing a PCR motion bars a second or successive motion. Miss. Code Ann. § 99-39-23(6) (Rev. 2015). The movant must bear "the burden of proving by a preponderance of the evidence that his claims are not barred as successive writs." *Jenkins v. State*, 325 So. 3d 1195, 1198 (¶8) (Miss. Ct. App. 2021).

¶24. Because Jamison did not file a direct appeal, he had three years from his judgment of conviction, or January 2009, to file a motion for post-conviction relief. His current filing is well past the statute of limitations. Further, Jamison has filed at least two other PCR motions with the circuit court and the supreme court. Jamison himself states in his brief that

12

for the past several years he "has unsuccessfully pursued every avenue open to him in an effort to obtain a decision on the merits of his appeal and to prove his conviction was unlawful."

¶25.    In the circuit court's November 30, 2006 order, Jamison's motion for an out-of-time appeal was denied, and he did not appeal this ruling. The circuit court explained that Jamison's arguments regarding his original conviction and sentence "are nothing more than a request for reconsideration of [the trial court's] prior ruling." We agree. Jamison attempts to overcome the procedural bar by arguing his claims are excepted under section 99-39-5(2) because they involve "newly discovered evidence" about his 2005 conviction—that there was another witness at the hotel on the night Jamison committed the attempted robbery who will prove he did not commit an overt act of robbery. However, Jamison does not offer any proof beyond his own statements to further this claim, and thus he fails to demonstrate his arguments should be excepted. Accordingly, the circuit court did not err in finding Jamison's arguments related to his 2005 conviction are procedurally barred.

### IV.    Sufficiency of the Evidence

¶26.    Jamison argues there was insufficient evidence for his initial conviction of attempted armed robbery in 2005. He claims there was no overt act indicating he intended to rob the hotel, and no statement from the victim/hotel clerk. Additionally, Jamison contends the trial court erred in allowing expert testimony about fingerprints found on the firearm in his possession.

¶27.    Claims regarding sufficiency of the evidence and expert testimony are typically raised

on direct appeal and not in post-conviction actions. Mississippi Code Annotated section 99-39-3(2) (Rev. 2020) provides that direct appeals are "the principal means of reviewing all criminal convictions and sentences." Post-conviction proceedings "provide prisoners with a procedure . . . to review those . . . issues or errors which in practical reality could not be or should not have been raised at trial or on direct appeal." *Id.* Jamison should have raised these issues on direct appeal, but as discussed, Jamison did not file a direct appeal, and he did not appeal the denial of his request to file an out-of-time appeal. Further, these issues are not grounds for post-conviction relief as found in section 99-39-5(1). The evidence Jamison provides is not new, and the expert-witness issue was not previously raised. Moreover, there is no trial transcript included in the record; Jamison relies upon a post-trial hearing transcript to support his expert-witness argument.

**Conclusion**

¶28. For the foregoing reasons, the circuit court did not err in dismissing Jamison's PCR motion.

¶29. **AFFIRMED.**

**CARLTON AND WILSON, P.JJ., GREENLEE, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR. WESTBROOKS, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**